IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No.  12 C 1156 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wanda Thompson brought the underlying action for breach of contract in the Circuit Court of Cook County, Illinois, County Department, Law Division.  Defendant CitiMortgage, Inc. timely removed the action to this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  Plaintiff has filed the instant motion to remand to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  For the reasons discussed below, plaintiff's motion to remand is granted.

## FACTS

Under the terms of a mortgage agreement, defendant agreed to pay plaintiff's property taxes with money plaintiff paid into an escrow account.  Plaintiff's property was designated in the agreement as both 11300 S. Eggleston Street, Chicago, Illinois, and Lot 1 in Block 18 of the Sheldon Heights neighborhood.

In accordance with the agreement, defendant paid the property taxes for Lot 1, but unbeknownst to both parties, 11300 South Eggleston St. resided on both Lots 1 and 2 of Block 18, and neither party paid the 2004 property taxes for Lot 2.  As a result of this non-payment, in 2006 Cook County sold Lot 2's real estate taxes to a third party, and in 2009 the County transferred the tax deed to the third party, giving it superior title to plaintiff and defendant.

Plaintiff has spent some amount of money retaining attorneys to recover the property after the county's action.

## DISCUSSION

Removal of a state claim to federal court is proper only when the claim could have been filed in a federal court with original subject matter jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). Absent jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c).

Federal district courts have original subject matter jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, or when the claim raises a federal question. Chirico v. Ceramic Tile Layers Union, Local 67, 13 F. Supp. 2d 798, 799 (N.D. Ill. 1998) (citing 28 U.S.C. §§ 1331-1332). The parties agree that there is complete diversity of citizenship because plaintiff is a citizen of Illinois and defendant is incorporated in New York and has its principal place of business in Missouri. Their disagreement is whether the amount in controversy exceeds $75,000.

Generally, "[t]here is no presumption against federal jurisdiction in general, or removal in particular." Back Doctors Ltd. v. Metropolitan Property and Casualty Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011). If a plaintiff does not limit the potential awards he or she may receive, "the defendant is entitled to present a good-faith estimate" of damages. Id. at 831. If this estimate, supported by a preponderance of the evidence, "exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." Back Doctors, 637 F.3d at 830-31. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006).

Defendant, arguing that the amount in controversy has been satisfied, bases its estimates on three pieces of evidence: 1) Plaintiff's indemnity complaint against Cook County, in which she states that she is entitled to receive $99,000 from the County for selling Lot 2; 2) an online appraisal of plaintiff's properties, valuing the house at $88,200; and 3) the original value of the mortgage agreement, $100,000. Additionally, defendant argues that plaintiff's attorneys' fees should be added to the amount in controversy because plaintiff claimed them in the original complaint. Plaintiff counters that none of defendant's evidence is valid or probative, and further claims that even if defendant's estimate of the house's value was accurate, it is for the whole property, when she lost only half. The court agrees.

First, defendant's estimates are for the full value of the property, while she was deprived of only Lot 2, half the property defendant believes is at stake. Although plaintiff claimed the value of the house's address in her complaint against defendant, she has not lost the entire house. She could either sell the house and split the proceeds with the new owner of Lot 2, or buy Lot 2 back. Further, she claimed only the value of Lot 2 in her complaint against Cook County. Plaintiff cannot recover damages for property she has not lost, and it is legally impossible for plaintiff to receive damages for Lot 1. Because none of defendant's evidence establishes that the loss of Lot 2 creates an amount in controversy greater than $75,000, the evidence presented does not meet the necessary burden of proof.

Even if plaintiff was seeking to recover the full value of the house, defendant's evidence does not establish that the house is worth more than $75,000. First, the indemnity complaint is not probative because its $99,000 figure is not based on the value of the house. In ¶ 29 of her petition for indemnity against Cook County, plaintiff asks for relief in the form of an award "in

the amount of the fair cash value of the subject property." In ¶ 30, she then asks for $99,000 "in the alternative," ostensibly pursuant to 35 ILCS 200/21-305.[1] These paragraphs show not that plaintiff believed that the value of the property was $99,000, but rather that she believed she was entitled to statutory damages if she was not entitled to compensatory damages.

Second, plaintiff argues that the online appraisal is invalid per se as an unauthenticated document. Unauthenticated evidence is not allowed at trial or to support motions for summary judgment. United Cent. Bank v. Mina Builders Inc., 10-CV-4895, 2012 WL 527860 (N.D. Ill. Feb. 14, 2012). Contrary to plaintiff's argument, however, no binding or persuasive authority holds that such evidence cannot be used to establish an amount in controversy. Regardless, the webpage defendant cites shows a broad range of possible prices for the home, from $24,000 to $170,000, and it does not provide any basis for its estimates. The court therefore cannot determine whether the $88,200 estimate is accurate or made in good faith. As such, the court will not give this unreliable evidence probative value.

Third, the original value of the loan ($100,000) is not probative because nearly $33,000 has been paid to defendant, meaning that the value of the mortgage is only $67,174.11. While the current value is unimportant—it is the value lost at the time that defendant removed the case—plaintiff's evidence of the $67,174.11 value, which was made on March 5, 2012, is more helpful than the original agreement from 2005. See Oshana v Coca-Cola Co., 472 F.3d 506, 513

---

[1] Looking at the face of 35 ILCS 200/21-305, it appears that plaintiff would not be entitled to statutory damages of $99,000 because it is not a flat damages provision, but a limit on compensatory damages for the lost property. However, since plaintiff's complaint against the County claims those damages "in the alternative" to the actual damages of the lost property, the court construes this as an error in reading the statute, not an assessment of the house's worth.

(7th Cir. 2006). Also, due to economic circumstances concerning the housing market over the past few years, a 2005 mortgage may indicate very little about a property's current value.

In addition to claiming that defendant's estimates of the property's value are unsupported, plaintiff contends that there is no evidence that attorneys' fees would combine with the house price to satisfy the amount in controversy requirement. Generally, "where a litigant has a right, based on contract, statute or other legal authority, to an award of attorney's fees, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied." Sarnoff v. Am. Home Prod. Corp., 798 F.2d 1075, 1078 (7th Cir. 1986). Although this is a contractual dispute, nowhere in the contract does it state that the mortgagor can claim reasonable attorneys' fees for the lender's breach. Plaintiff has not shown that she has a right to attorneys' fees should she prevail, and therefore attorneys' fees cannot be used to determine whether the amount in controversy has been met.

## **CONCLUSION**

Thus, for the foregoing reasons, plaintiff's motion to remand is granted.


**ENTER:** June 14, 2012

_____
**Robert W. Gettleman
United States District Judge**

5